## R. B. Scearce and J. W. Naylor v. Commonwealth.

(Decided December 16, 1924.)

### Appeal from Fulton Circuit Court.

Bail—Sureties Liable, Though Order Did Not Show Defendant was in Custody or that he was Discharged as Result of Recognizance.—Sureties were liable on recognizance in view of Criminal Code of Practice, section 85, though it did not appear from the order that defendant was in custody at that time, or that he was discharged after taking of recognizance as a result thereof, where orders copied in record when taken together showed such facts.

W. J. WEBB and MOORE & STAHR for appellants.

T. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General, and F. B. MARTIN, Commonwealth's Attorney for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This is a companion case to one of similar style decided December 2, 1924.

Appellants, Searce and Naylor, were sureties in a recognizance for $500.00 made in the Fulton circuit court in the case of Commonwealth v. Ammons, Jr., on an indictment accusing Ammons of the crime of maliciously shooting at another with intention to kill but without wounding. Ammons was twice indicted in the same court on the same day, once for robbery and the other for maliciously shooting at. The case decided on December 2nd involved a forfeiture of a recognizance entered in the Fulton circuit court on January 16, 1923; while the recognizance forfeited in the case now under consideration arises out of the charge of maliciously shooting at another. The orders of the Fulton circuit court show that on the 16th day of January, 1922, the indictments were returned against Ammons. He was on bond but failed to answer. Later in the day his bondsmen brought him into court and surrendered him; thereupon the court placed him in the custody of the jailer. Following this and upon the same day the court took the recognizance which was later forfeited, and which is the subject of this litigation. The order of recognizance dated January 16, 1923, reads:

> "Came R. B. Searce and J. W. Naylor and acknowledged themselves indebted to the Commonwealth of Kentucky, in the sum of $500.00 for the appearance of the defendant at the next term of court; and that he will render himself amenable to the orders and processes of the court, and if he fail, to pay the Commonwealth of Kentucky the sum of $500.00."

At the May Term of that court, which was the next term following the January term, 1923, the following order was made in the case against Ammons:

> "The defendant being recognized for $500.00 for his appearance and failed to appear for trial was ordered called three times by the sheriff, he answered not, the bail bond was ordered forfeited and summons is awarded for the bondsmen, Jim Ammons,

R. B. Scearce and J. W. Naylor, to show cause why, if any, judgment should not be had against them on account of the forfeiture."

Summons was issued against the sureties, Scearce and Naylor, for the first day of the September term following, to show cause, if any they had, why they should not be required to make good their obligation evidenced by the recognizance. They appeared at the September term and filed general demurrer to the forfeiture as shown by the order entered October 1st. They also filed "a response to the summons on forfeiture bail bond." When the case was submitted to the court it entered an order adjudging the Commonwealth recover of the defendants, Searce and Naylor, the sum of $500.00 with interest, on the recognizance.

The same defense was made in the case as was made in one of the same style recently decided, and the questions are all the same. Appellants insist that they are not liable on the recognizance, because it does not appear from the order that Ammons was in custody at that time, and the order does not show that he was discharged after the taking of the recognizance and as a result thereof. The orders copied in the record when taken together show beyond question that Ammons was in custody of the court at the time of the taking of the recognizance and that he was discharged from custody as a result of the recognizance, although the order of recognizance does not show all these facts. Section 85 of the Criminal Code provides that certain irregularities and informalities shall not affect the validity of bond or recognizance and shall not invalidate it, provided it is made to appear from the record that the defendant was in custody and secured his discharge through the execution of the bond or recognizance. All the essential facts are manifested by the record in this case, and we do not find any error to the prejudice of the substantial rights of appellants in the order of the trial court holding them liable on the recognizance.

Judgment affirmed.